# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSOUTHWESTERN

**MIDLAND PIZZA, LLC, et al.,**          )
                                          )
      **Plaintiffs,**                  )
                                          )
**v.**                                    )
                                          )    No. 10-2219-CM-GLR
**SOUTHWESTERN BELL TELEPHONE**          )
**COMPANY, d/b/a AT&T KANSAS, et al.,**  )
                                          )
      **Defendants.**                  )
                                          )

## MEMORANDUM AND ORDER

Plaintiffs Midland Pizza, LLC; Pflumm & College Pizza, L.L.C.; Prairie Village Pizza, LLC; and Mark Watkins, individually and on behalf of all others similarly situated, bring this putative class action against defendants Southwestern Bell Telephone and AT&T Corp. Plaintiffs allege that defendants engaged in unlawful "cramming" practices, that is, billing and collecting payment from landline telephone customers for purported services that customers did not order or authorize. Defendants initially filed a joint motion to dismiss which the court denied as moot when plaintiffs filed a first amended complaint as a matter of right. Now before the court is Defendants' Southwestern Bell Telephone Company and AT&T Corp.'s Joint Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 37). For the reasons that follow, the court grants defendants' motion in part and denies it in part.

## I.  Factual and Procedural Background

According to plaintiffs' amended complaint:

    Midland received eight bills from Defendants containing charges attributed to billing service "ILD Teleservices Inc." every month beginning on June 23, 2008 and ending on January 23, 2009. The first four months of these bills attribute charges of

$49.95 to purported service provider "CONTACT MESSAGE SYSTEMS—VMAIL MTH FEE." The remaining four bills attribute charges of $49.95 to "CONTACT MSG SYS, LLC-PC TECH SUPT MTH." Midland did not order any third party service or authorize any third party, including "ILD Teleservices, Inc." or "Contact Message Systems" to bill it for services through its telephone bill or otherwise.

      Pflumm & College received fifteen bills from Defendants containing charges attributed to billing services. Charges attributed to billing service "Enhanced Services Billing, Inc." include a charge of $14.95 each month from March 15, 2008 through January 15, 2009 attributed to "MYIPRODUCTS IMAIL VOICEMEAL MTHLY FEE." [sic]  Other charges from "Enhanced Services Billing, Inc." include a monthly charge of $12.95 from August 15, 2008 through February 15, 2009 attributed to "COASTTOCOAST VOICE,LLC—VMAIL MNTHY FEE." One charge attributed to billing service "ILD Teleservices Inc." is for $49.95 and is attributed to "SMALL BUS. TECH SUPT MTHY FEE." Pflumm & College did not order any third party service or authorize any third party, including "MYI Products," "Coast to Coast Voice, LLC," "Small Bus. Tech Support," or "ILD Teleservices, Inc." to bill it for services through its telephone bill or otherwise.

      Prairie Village received fourteen bills from Defendants containing charges attributed to "ILD Teleservices Inc." every month beginning on December 19, 2007 and continuing through January 19, 2009. Each of these bills includes a charge of $49.95 attributed to "CONTACT MESSAGE SYSTEMS—VMAIL MTH FEE." Prairie Village did not order any third party service or authorize any third party, including "ILD Teleservices, Inc." or "Contact Message Systems" to bill it for services through its telephone bill or otherwise.

      Mark Watkins received at least two bills from Defendants containing charges attributed to "TRSCN CLRNG." Each bill includes a charge of $9.95 attributed to "TEXTSAVINGS, LLC-INET DIR LSTNG W/TEXT." Mark Watkins did not order any third-party service or authorize any third party, including "TRSCN CLRNG" or "Transaction Clearing" to bill him for services through his telephone bill or otherwise.

(Doc. 34, at 6–8.)

Plaintiffs allege that AT&T offers a "wholesale" service called "AT&T Billing Solutions" which allows providers of media, information, entertainment, and communications services to place charges on their own section of an AT&T customer's bill. When a service provider or billing company contracts with AT&T for Billing Solutions service, AT&T purchases the service provider or billing company's accounts receivable. According to plaintiffs, AT&T purchases such accounts for less than their full value, resulting in profits to AT&T on each account it collects. Plaintiffs

assert they were billed for, and paid for, products or services that they did not authorize.

Plaintiffs' claims are set out in five counts: (1) unlawful addition of services in violation of Kan. Stat. Ann. § 50-6,103; (2) deceptive trade practices in violation of the Kansas Consumer Protection Act (KCPA); (3) unconscionable practices in violation of the KCPA; (4) unjust enrichment; and (5) negligence. They ask the court to certify this matter as a class action, to appoint plaintiffs as representatives, and to appoint their counsel as class counsel. The putative class includes: "all persons and entities in the state of Kansas who have received local exchange carrier telephone services through 'Southwestern Bell Telephone Company,' 'AT&T Kansas' or 'AT&T,' have been billed for such services, and have received a charge on a bill for purported non-AT&T services or products." (Doc. 34, at 8–9.) Plaintiffs seek restitution and disgorgement, actual damages, civil penalties, punitive damages, attorney's fees and prejudgment interest.

In the instant motion, defendants argue that plaintiffs' common-law and KCPA claims are barred based on the voluntary payment doctrine, and plaintiffs are prohibited from recovering on their common-law claims based on their contributory negligence. Defendants also argue that the three entity plaintiffs have no standing to bring their KCPA claims because they are not "consumers" as defined by that Act. Defendants also assert that plaintiffs cannot, as a matter of law, establish reliance upon misstatements as required to plead their KCPA claims.[1]

## II. Judgment Standards

To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also*

---

[1] The court notes that although defendants' initial motion to dismiss made particularized arguments in support of dismissal of plaintiff's "cramming" claim under Kan. Stat. Ann. § 50-6,103(c), the instant motion does not contain similar arguments.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 8(a), 12(b)(6). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [its] claims across the line from conceivable to plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well-pleaded facts, as distinguished from conclusory allegations, and views those facts in the light most favorable to plaintiff. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007); *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

Furthermore, the court notes that defendants have filed copies of plaintiffs' phone bills under seal. The court finds that these documents, although not attached to plaintiffs' complaint, are referred to in plaintiffs' complaint and are central to plaintiffs' claims. The court's consideration of these documents does not convert this motion to one for summary judgment. *See Smith v. Blue Dot Servs. Co.*, 283 F. Supp 2d 1200, 1203 (D. Kan. 2003).

**III.     Discussion**

    **A.     KCPA Claims**

As used in the KCPA, a consumer is an individual or sole proprietor who seeks or acquires property for personal, business, or agricultural purposes. Kan. Stat. Ann. § 50-624(b). Three of the named plaintiffs are limited liability companies. Defendant has argued—and these three entities

have previously acknowledged—that they are not "consumers" under the KCPA. Kan. Stat. Ann. § 50-623, *et seq.*[2] Therefore, they cannot maintain claims for deceptive or unconscionable practices under the KCPA, §§ 50-626 and 50-627 respectively. *See Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322 (D. Kan. 1996).

Although it is not specifically addressed in the briefing, the court notes that the anti-cramming statute, Kan. Stat. Ann. § 50-6,103, is "part of and supplemental to" the KCPA. Kan. Stat. Ann. § 50-6,103(i); *Logsdon v. AT&T Commc'ns of the Sw., Inc.*, No. 02-2519-JWL, 2003 WL 22300172, at *4 (D. Kan. Oct. 6, 2003). Its protections apply to "consumers" as well. To bring a private cause of action under this section, as under §§ 50-626 and 50-627, the aggrieved party must be a "consumer" as defined by the act.

It appears that only plaintiff Watkins, an individual Kansas citizen allegedly damaged by defendants' practices, can maintain the three claims under the KCPA. As to plaintiffs Midland, Pflumm & College, and Prairie Village, the cramming, deceptive, and unconscionable practices claims are dismissed. To this extent, defendant's motion is granted in part.

**B.     Reliance**

Defendants argue that plaintiffs are required to allege facts sufficient to establish "reliance" as an essential element of their deceptive practices claim. *Benedict v. Altria Grp. Inc.*, 241 F.R.D. 668, 683 (D. Kan. 2007). Although plaintiffs do set out allegations of reliance (Doc. 34, at 13), defendants are incorrect. Kan. Stat. Ann. § 50-627 does not require that any consumer actually be misled. A supplier violates the deceptive acts and practices provision of the KCPA simply by

---

[2]  *See Kestrel Holdings I, LLC v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1076–77 (D. Kan. 2004); *see also In Delhomme Indus., Inc. v. Houston Beechcraft, Inc.*, 669 F.2d 1049, 1060 (5th Cir. 1982) (applying Kansas law, holding that a corporate buyer of an airplane is not a "consumer" under the KCPA; in order to qualify as a "consumer" under the act, the purchaser must be an "individual.")

-5-

engaging in the deceptive act or practice. "An action for common-law fraud requires an element of reliance upon the misrepresentation. One of the important distinctions of the [KCPA] is that reliance upon the deceptive act or practice is not required." Pattern Instructions Kansas, Civil 4th § 129.01-A (2008).

Moreover, as other courts have noted, it appears that the nature of telephone cramming schemes is to insert charges into consumers' telephone bills in the expectation that they will not notice the charges or, if they do, that they will not understand that the charges are improper. To bar consumers from a remedy precisely because a cramming scheme worked as it was intended to would frustrate the purposes of the KCPA. *See Brown v. SBC Comm'ns, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *5 (S.D. Ill. Mar. 1, 2007).

### C.     **Voluntary Payment Doctrine**

Defendants argue that all of plaintiffs' claims are "barred by the voluntary payment doctrine." Plaintiffs have alleged that defendants engaged in deceptive billing practices: customers "inadvertently pay the bogus charges, assuming they are legitimate because they appear to be telephone-related and because it is reasonable to assume that the charges on one's telephone bill relate either to telephone services or were expressly authorized by the customer." (Doc. 34, at 3.) Plaintiffs allege that the unauthorized charges, in many instances, are "just small enough so as not to be noticed" by the consumer, and that, due to defendants' allegedly unauthorized practices, consumers pay these bills while "unaware of the unauthorized nature of the charge" and that defendants profited, at least indirectly, from the payment. (Doc. 34, at 3.)

Kansas' voluntary payment doctrine applies when payment is voluntarily made with full knowledge of all the facts and is not induced by any fraud or improper conduct. *See MacGregor v. Millar*, 203 P.2d 137, 139 (Kan. 1949) (citing *Bradshaw v. Glasscock*, 136 Pac. 933, 933 (Kan.

-6-

1913)). In other words, where a party makes a payment "with their eyes open," they are estopped from maintaining an action to recover that payment. *Bradshaw*, 136 Pac. at Syl. ¶ 1. Defendants offer facts that would suggest that plaintiffs made the payments voluntarily. Plaintiffs allege the payments were made without full knowledge of the facts. Whether a payment is voluntary depends on the facts of the particular case. Because resolution of contested facts is essential to the resolution of defendants' affirmative defense of voluntary payment, the court cannot grant the motion to dismiss on this basis.

**D.     Contributory Negligence**

Similarly, defendants suggestion that contributory negligence bars plaintiffs' claims also fails at this stage of the litigation. Under Kansas law, a party can only recover damages for negligence if "that party's negligence was less than the causal negligence of the party or parties against whom a claim is made." 2010 Kan. Laws Ch. 135. The court must assume the truth of the facts alleged. Plaintiff's allegations set forth a plausible negligence claim. And even if some allegations suggest that plaintiffs may also have been negligent, the allegations do not conclusively establish that plaintiffs were more negligent than defendants. Plaintiffs' negligence claim survives the motion.

**IT IS THEREFORE ORDERED** that Defendants' Southwestern Bell Telephone Company and AT&T Corp.'s Joint Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 37) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the Kan. Stat. Ann. § 50-6,103 "cramming" claim; the deceptive practices claim; and the unconscionable practices claims of plaintiffs Midland, Pflumm & College, and Prairie Village are dismissed.

Dated this 5th day of November 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
